Filed 7/28/16  P. v. Vionnet CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>MAURICE ALFREDO VIONNET,<br><br>       Defendant and Appellant. | A147161<br><br>(Mendocino County<br>Super. Ct. No. SCUCCRCR1581316-002) |

Maurice Alfredo Vionnet (appellant) appeals from a judgment entered after he pleaded no contest to manufacturing a controlled substance, honey oil (Health & Saf. Code, § 11379.6, subd. (a)), endangering the health of a child (Pen. Code, § 273a, subd. (a)[1]), unlawfully causing a fire to a structure (§ 452, subd. (b)), and two misdemeanor counts in a separate pending matter, and the trial court sentenced him to four years and four months in state prison.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2015, an information was filed charging appellant with manufacturing a controlled substance, honey oil (Health & Saf. Code, § 11379.6, subd. (a), count 1), endangering the health of a child (§ 273a, subd. (a), count 2), and unlawfully causing a fire to a structure (§ 452, subd. (b), count 3). Appellant entered an open no contest plea to each of the charges, along with two misdemeanor counts in a separate pending matter in Case No. 15-83407. The trial court denied probation and sentenced appellant to four years and four months in state prison, as follows: the low term of three years on count 1, a consecutive one year and four months as one-third the midterm on count 2, and a concurrent three years as the midterm on count 3.

On April 14, 2015 at 6:47 a.m., the Long Valley Fire Department responded to a report of a structure fire at appellant's home in Laytonville, California. The two-story, single-family residence was totally engulfed in flames when emergency vehicles arrived at the scene. Appellant's nine-year-old daughter, who was sleeping in a bedroom above the garage with her 12-year-old brother, was woken up by an explosion. She woke up the rest of the family—her father (appellant, mother, and brother—and the family was able to get out of the house before the entire structure burned down.

Fire investigators determined the fire resulted from an explosion in the refrigerator and freezer. Investigators smelled burned marijuana and found over 100 used butane canisters, over 2,043 grams of "shake marijuana," and other items indicative of a butane "honey oil lab" in the garage. When questioned by police, appellant said he believed the fire was caused by an electrical issue, and denied anything in the garage would have caused the fire. He admitted he had made honey oil three weeks prior but said he had not done so recently. In his statement to probation, appellant explained that he had been attempting to make honey oil for his own medicinal needs. He said he suffered from seizures and had discovered that marijuana provided relief from his seizures, and that once he started using medicinal marijuana, he was able to stop taking other "powerful prescription drugs." Appellant later discovered that "honey oil," a form of concentrated cannabis, was effective in treating his condition. He admitted he knew very little about

the process of making honey oil and said a friend had told him to place the honey oil in a refrigerator or freezer. He said he had made only a few ounces, but acknowledged, "I guess enough to cause issues." He admitted he knew what he did was wrong, expressed remorse, and said he "will never do it again." The owner of the house that was destroyed estimated that his out of pocket loss, after insurance paid for damages, was $11,000.

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. Appellant's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "grounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence" under section 1538.5. (§ 1237.5, Cal. Rules of Court, rule 8.304(b).) We have examined the entire record and have found no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Siggins, J.

A147161

3